Scott, Bondurant & Adams *vs.* Patrick *et al.*

---

SCOTT, BONDURANT & ADAMS, plaintiffs in error, *vs.* WILLIAM A. PATRICK *et al.*, defendants in error. (The same parties *vice versa.*)

1. When a suit was brought in a Justice's Court for an amount over $50 00, and a summons of garnishment issued to a debtor of the defendant requiring him to appear and answer on the day fixed for the trial of the original suit, and the garnishee failed to answer on that day:

*Held,* That, as by section 3228 of the Code, final judgment cannot go against the garnishee until a term subsequent to that at which he is

Scott, Bondurant & Adams *vs.* Patrick *et al.*

required to answer. It is the duty of the magistrate to continue the proceedings against the garnishee, by formal entry on his docket, to a subsequent day, not less remote than the number of days required by law for the service of the original summons against the defendant in the suit; and any judgment against the garnishee, before the day to which the case is so continued, is illegal.

2. When a *certiorari* has been sanctioned but no notice, in writing, has been given to the opposite party, of the same, ten days before the term to which the *certiorari* is returnable; but it is in writing agreed between the parties that the decision of the Court upon the points made in the *certiorari* shall determine certain other cases suing on the same points, this is substantially a waiver of the notice and an agreement that the *certiorari* shall be decided upon its merits.

*Certiorari.* Garnishment in Justice's Courts. Waiver. Before Judge HOPKINS. Fulton Superior Court. October Term, 1870.

On the 13th of December, 1869, W. A. Patrick *et al.* sued Cunningham and Widers before a Justice of the Peace, and sued out garnishment against Scott, Bondurant & Adams, requiring them, as garnishees, to answer on the 14th of January, 1870. On this last day judgment was rendered against Cunningham and Widers, and on the next day judgment was rendered against the garnishees, they having filed no answer. Two days later the garnishees proposed to set aside said judgment, and answer that they owed defendants nothing. But the Court refused. The garnishees sued out *certiorari* to correct this. Several other cases in the same Court were in the same *status.*

No notice of the sanction of the *certiorari* and of the time and place of hearing was given to Patrick *et al.*, plaintiffs below, ten days prior to the term to which the *certioraris* were returnable. But counsel for plaintiffs and defendants in *certiorari* had agreed, in writing, when the *certiorari* was sued out, that " the *certiorari* in this case shall apply in the cases " of " * * * *, the same points having been argued in the motion to set aside judgment, and the same points being involved in these cases as in the within, and that the judgment

in this *certiorari* by the Superior Court shall hold good in every particular in the cases stated above."

When the *certiorari* was called for hearing Patrick *et al.* moved to dismiss it for want of such notice of the sanction of the writ, etc.    The Court held that this notice was waived by said agreement.    Patrick *et al.* assign that as error.

The cause was then argued, and the Court sustained the decision of the Justice.    Scott, Bondurant & Adams assign that as error.    Here the causes were argued together.

E. P. HOWELL, for Scott, Bondurant & Adams.    Garnishees were entiled to twenty days' notice: Acts 1868, 131; and could answer at second term : 15th Ga. R., 187 ; R. Code, sec. 3228.    This Court should so construe the Act and Code as to give garnishees their rights: 39th Ga. R., 34. The agreement was substantial compliance with the law as to notice, etc.: 36 Ga. R., 393.

HILLYER & BROTHER, *contra*.    Notice, etc., must be given : R. Code, sec. 3987 ; 34 Ga. R., 120.    The agreement did not waive it : 34th Ga. R., 120 ; 36th, 393.

McCAY, Judge.

1. The Act of 1869, regulating proceedings before Justices, under the new Constitution, makes no attempt to direct the manner of proceeding against a garnishee.    Section 3228 of the Code stands, therefore, unrepealed.    That section expressly provides that judgment shall not go against the garnishee if he fails to answer until the second term.    It is true that, under the new system the magistrate does not hold his Court on a fixed day in each month for the trial of all cases. But it is true that there is a fixed day for each case.    That day may fairly be said to be the term for that case.    If it is not tried on that day, a new day is required to be fixed.    Why should not that be the second term?    We see no special objection to this view.    Unless some such view is taken we see

Scott, Bondurant & Adams *vs.* Patrick *et al.*

no method of getting a judgment against a garnishee at all, in a Justice's Court.   In this defect of legislative provision the Courts must, as section 3185 of the Code directs, furnish remedies according to the right of the parties.   We think, therefore, that as the Code, section 3228, gives to the garnishee a continuance till the second term, and the Act of 1869 does not repeal this, he has still this right.   The magistrate must continue the case against him to another day. This, in analogy to the time fixed by law for the service, we think ought to be at least as distant as the number of days he must be served previously to the first term.   We are aware that this is an arbitrary rule, but as he is entitled to a *term,* we think this is in the *spirit* of the law.

It is to be hoped that the Legislature will provide more in detail for the changes which the new Constitution makes in the duties and powers of magistrates, as it is very difficult for the Courts to harmonize the provisions of the Code with the provisions of the Constitution.

2.  The agreement that the other cases should abide by the decision of the Court in this case, was, in effect, an agreement to have *this* case decided upon the question made in all, to-wit: the right of the magistrate to enter up the judgment on the 5th of January.   This involves a waiver of any points of form in this case, or any defect in the notice; since it cannot be supposed that it was the intent of the parties to consent that the other cases, in which perhaps, the notice was given, should turn on a point of notice in this case.   It was an agreement which involved the idea that this case be decided upon the point of law common to all the cases.