## WARE *vs.* FAMBRO.

67 515
d113 610|

1. A notice that the judge of the superior court granted a *certiorari* is equivalent to a notice that he has sanctioned it, and is in substantial compliance with the Code.

2. It is immaterial that counsel who applies for a writ of *certiorari* did not represent the applicant in the court below.

3. Where to a suit in a justice court the defendant pleaded a set-off of $100.00, and, on the appeal trial in such court, the jury found for the defendant an excess above the plaintiff's demand of more than $100.00 principal, the justice could not allow him to write down this finding to $100.00 so as to have a judgment. He could not do more than order the claim of the plaintiff to be credited on that of defendant, and thus defeat a recovery by the former. Defendant could then sue on his demand in a court of competent jurisdiction.

*Certiorari.* Justice Courts. Attorney and Client. Jurisdiction. Judgments. Before Judge HARRIS. Pike Superior Court. April Term, 1881.

Fambro sued Ware upon a note in a justice court. Ware pleaded the general issue, payment and set-off. On the appeal, the jury found for Ware $173.76. When this verdict was read in court, counsel for Ware obtained leave of the court to write off from the principal sum of said verdict all exceeding $100.00, and did so, and entered

judgment against Fambro for $100.00 principal, without objection from any source. Counsel for Fambro then sued out a *certiorari* to the superior court, though such counsel did not try said cause, nor was he present at such trial.

When the case was tried in the superior court, a motion was made to dismiss said *certiorari*, upon the ground that the notice served was insufficient. The notice stated that the judge of the superior court had granted the *certiorari*. The motion was refused, the cause was tried upon its merits, and after argument by counsel for both parties, the court sustained the *certiorari* and ordered a new trial. Ware excepted.

J. H. WALKER, for plaintiff in error.

S. J. HALL; S. C. McDANIEL; J. A. HUNT, for defendant.

JACKSON, Chief Justice.

This was a *certiorari* from a justice court by the superior court of Pike county. A motion was made to dismiss the writ on the ground of the insufficiency of the notice. The notice was that the *certiorari* was granted, instead of stating that it was sanctioned. We think the error immaterial. When the writ was granted by the judge of the superior court it must have been sanctioned.

In the case cited by plaintiff in error this court ruled that notice that plaintiff in *certiorari* had sued out the writ would not do, but in that case no action by the court, or the judge of the superior court rather, was alluded to, and the notice only showed that the writ had been sued out. It might have been before the clerk, as once was the law, but is not now, or it might have been before the ordinary for aught that the notice showed. 65 *Ga.*, 303.

The words " to grant" the writ and " to sanction" it, when directed by the judge of the superior court to different inferior courts, are both used in the Code. Sections 4049,

4050, 4051, 4052. It is true that the notice of the sanction of the writ is required in section 4053, but to grant is to sanction, and the important requisite is that the right judge acted on the petition. The court did not err in declining to dismiss the writ on this ground.

2. It is hardly necessary to say that any counsel may prepare the writ whether at the trial before the justice court or not.

3. The court was right to set aside the judgment and to award a new trial. The defendant pleaded a set-off of one hundred dollars; the jury found one hundred and seventy-three dollars; the defendant was allowed to write off all beyond one hundred dollars, and the verdict to stand for that amount. The plaintiff had sued for some nineteen dollars, and the set-off which the jury found was one hundred and seventy-three dollars principal, over the jurisdiction of a justice court. The Code directs that in such cases the plaintiff's claim is to be credited on the defendant's larger debt, and that is the only verdict or judgment which the law authorizes. The defendant may plead and prove his set-off, but if it be proved to be over the jurisdiction of a justice of the peace, he cannot get any judgment upon it for any sum of money whatever in that court, but will be permitted to prevent the plaintiff from any recovery against him by having his debt credited with plaintiff's debt, and recover costs against the plaintiff. Then he may sue on his account or note with this credit in a court having jurisdiction thereof, and recover there if he makes out his case. Code, §4166.

· The court was right, therefore, to sustain the *certiorari* and remand the case for a new trial in this view of it, no matter on what ground the judgment was based by the judge below.

Judgment affirmed.