ASHER *et al. v.* CAPE.

95    31
d113  610

Where, after a petition for *certiorari* had been presented to the judge of the superior court, and his sanction had been entered thereon, and after the clerk had issued the writ of *certiorari* and attached the same to the petition, an acknowledgment in these words, indorsed on the petition, was signed by counsel for the defendant in *certiorari:* "Due and legal service of the within petition for *certiorari* and *certiorari* acknowledged; notice of time and place of

hearing waived," it was error to dismiss the *certiorari* for non-compliance with the requirements of section 4059 of the code. This acknowledgment was sufficient evidence that the defendant in *certiorari* had not only waived written notice of the time and place of hearing, but had also received due and legal notice of the judge's sanction. This case differs from *Ayer & Co.* v. *Kirkland*, 65 *Ga.* 303, and *Bryans* v. *Mabry*, 72 *Ga.* 208. It did not, in either of those cases, appear from the terms of the notice given that the judge had ever acted upon the petition for *certiorari* at all.
November 12, 1894.

*Certiorari.* Before Judge LUMPKIN. Fulton superior court. September term, 1893.

Cape sued Mrs. Asher and others in a magistrate's court, and there obtained a verdict. Defendants presented their petition for *certiorari*, which was sanctioned and the writ ordered issued on April 22, 1893; and on April 28, 1893, the writ was issued. Upon the papers appeared the following entry: " Due and legal service of the within petition for *certiorari* and *certiorari* acknowledged; notice of time and place of hearing waived. This May 5th, 1893. C. S. Winn, atty. at law for deft. in *certiorari.*" When the case came on to be heard, defendant in *certiorari* moved to dismiss the *certiorari*, upon the ground that no notice of the sanction of the *certiorari* had been served upon the defendant. The motion was sustained, and the plaintiffs in *certiorari* excepted.

SIMMONS & CORRIGAN, for plaintiffs in error.
COURTLAND S. WINN, by brief, *contra.*

ATKINSON, Justice.

The specific ground upon which the petition for *certiorari* was dismissed in the court below was, that the plaintiff in error had not given notice of sanction thereof, as required by law. It appears from the record, that the petition was presented to the judge of the superior court, that it was sanctioned, and the writ of *certiorari* ordered to be issued on April 22d, 1893; that the writ

of *certiorari* issued regularly on the 28th of the same month, that the order sanctioning the issue of the writ was entered upon, and the writ itself attached to, the petition for *certiorari;* and that thereafter counsel for the defendant in *certiorari* upon the petition therefor entered and signed the following acknowledgment: "Due and legal service of the within petition for *certiorari* and *certiorari* acknowledged; notice of time and place of hearing waived. This May 5th, 1893." We think this acknowledgment covered notice of the sanction of the writ. The law does not require service either of the petition or the writ upon the defendant in `certiorari`, but only that he be notified of the sanction of writ, and of the time and place of hearing. The issue of the writ presupposed the sanction of the judge, and when the defendant, in writing, acknowledged service of the petition, it was equivalent to an admission that he would take due and legal notice of every material fact which appeared therein and of every entry legally appearing thereon. This petition had in fact been formally sanctioned by the judge and his order was entered thereon, so that notice to the defendant of the sanction of *certiorari* was complete. Of course, if the defendant had declined to take notice or had refused to acknowledge service in writing, the plaintiff would have been compelled to give him formal notice, but the acknowledgment of service of the petition, which itself conveyed the notice required by statute, took it out of the ordinary rule. In neither of the cases cited in the head-note of this decision does it appear that any action had been taken upon the petition by the judge to whom the same was presented, at the time the notice was given, and in each case the notice was served entirely independent of the petition or writ. So that in neither of those cases could notice of the sanction be presumed. We conclude, therefore, that the court erred in dismissing the

v 95-3

petition for *certiorari;* and a reversal of the judgment complained of is ordered.          *Judgment reversed.*