## HOWELL *v.* ALLEN.

Where an affidavit of illegality to the foreclosure of a chattel mortgage was dismissed by a magistrate, upon the ground that the defendant introduced no evidence, the effect of such ruling was the dismissal of the whole case, and certiorari was the defendant's exclusive remedy, regardless of the amount involved.

Submitted October 21, — Decided November 19, 1898.

Appeal. Before Judge Butt. Talbot superior court. March term, 1898.

*J. J. Bull* and *A. J. Perryman*, for plaintiff in error.
*Persons & Son* and *M. D. Womble,* contra.

FISH, J. To the levy of a chattel mortgage fi. fa. in favor of Mrs. Allen, transferee, for $60.22 principal, the defendant T. O. Howell filed an affidavit of illegality upon various grounds. The magistrate, to whose court the proceedings were returned, rendered the following judgment: "M. K. Allen, transferee, *vs.* T. O. Howell. Illegality to foreclosure in justice's court," etc. "There being no evidence produced before the court by the defendant in the above-stated case in sustaining said plea, it is the judgment of the court that the above-stated plea be dismissed and the property found subject to the mortgage fi. fa. in favor of the plaintiff in the above-stated case, and all costs of suit." The defendant entered an appeal to the superior court, and in that court the appeal was dismissed, on plaintiff's motion, upon the ground that certiorari, and not appeal, was defendant's remedy. To this ruling defendant excepted and assigned the same as error.

The determination of the case depends upon the effect of the magistrate's judgment. If by such judgment the case was dismissed from the justice's court, then nothing remained therein to be taken by appeal to the superior court, and certiorari was the defendant's exclusive remedy. *Toole* v. *Edmondson,* 104 *Ga.* 776. The affidavit of illegality brought and held the case in the justice's court, and if the magistrate dismissed that affidavit, then, by operation of law, the whole case went out of court, and the magistrate's jurisdiction over it terminated. This court has several times ruled that the dismissal of a counter-affidavit to a distress warrant put both parties and the whole controversy out of court. *Habersham* v. *Eppinger,* 61 *Ga.* 199; *McCulloch* v. *Good, Small & Co.,* 63 *Ga.* 519; *Anders* v. *Blount,* 67 *Ga.* 41. See also *Murphy* v. *McGough,* 105 *Ga.* After stating the case as, "Illegality to foreclosure," etc., the language of the magistrate's judgment is, "There being no evidence produced before the court by the defendant in the above-stated case in sustaining said plea, it is the judgment of the court that the above-stated plea be dismissed," etc. The word "plea" as here used evidently means the affidavit of illegality. The defendant had no other plea

2

·or pleading in the case, and the obvious purpose of the judgment was the dismissal of the illegality. While it was error to dismiss it upon the ground that the defendant introduced no evidence, yet the effect of such dismissal was the same as if it had been a valid reason. That part of the judgment finding the property subject was mere surplusage. We think the effect of the magistrate's ruling was to dismiss the case. Wherefore certiorari was the defendant's exclusive remedy, and the judgment dismissing the appeal was proper.

*Judgment affirmed. All the Justices concurring, except Lumpkin,. P. J., absent.*