## HOLLIS *v.* DOSTER.

When a case involving a disputed issue of fact is tried by a justice of the peace in a justice's court, and he decides that under the evidence submitted the plaintiff is not entitled to recover, he should render a judgment for the defendant; but if, instead of so doing, he dismisses the action, the plaintiff may nevertheless enter an appeal, for the decision, notwithstanding the form of the judgment, is in substance an adjudication on the merits as to the matter of fact in controversy at the trial.

Submitted March 2, — Decided March 27, 1901.

Appeal — certiorari.　Before Judge Russell.　Clarke superior court.　April 10, 1900.

*R. M. Higgins*, for plaintiff in error.
*Shackelford & Shackelford*, contra.

LUMPKIN, P. J.　The record before us discloses that Doster sued out a distress warrant against Hollis, who filed a counter-affidavit, and the issue thus made was tried in a justice's court.　The magistrate, after the introduction of testimony by both the plaintiff and the defendant, decided that under the evidence the latter was not indebted to the former; but, instead of rendering a judgment in favor of the defendant, dismissed the distress warrant.　To the judgment of dismissal Doster entered an appeal to a jury in the justice's court.　When the appeal came on to be heard, Hollis moved to dismiss the same, on the ground that, as the judgment rendered by the magistrate was one of dismissal, there was nothing to appeal from, but the plaintiff's exclusive remedy was certiorari.　The motion to dismiss the appeal was overruled, and Hollis sued out a certiorari, alleging that the magistrate erred in refusing to sustain that motion.　The superior court upheld the ruling of the magistrate, and Hollis brought the case here.

From the foregoing it will be perceived that this case falls squarely within the decision made by this court in *Savannah Railway Co.* v. *McMillan*, 95 *Ga.* 504, wherein it was held that "A

decision in a justice's court, made by the presiding justice, to the effect that the plaintiff's evidence is insufficient to uphold the action, though the judgment be one dismissing the suit, is an adjudication upon the merits as to the matter of fact involved in the trial; and the plaintiff is entitled, by virtue of § 4157 (a) of the code [Civil Code, § 4140], to appeal to a jury in that court from the judgment so rendered." So the question really before us is whether or not the ruling made in *McMillan's* case is in conflict with those rendered in *Small* v. *Sparks,* 69 *Ga.* 745, and *Rogers* v. *Bennett,* 78 *Ga.* 707. It appears that in the first of these cases the plaintiff's action was by the county court dismissed on demurrer. The result was to take the case entirely out of that court. This being so, and it further appearing that no question of fact was involved in the decision made by the county court, the Supreme Court held that an appeal to the superior court was properly dismissed. In *Rogers* v. *Bennett,* the plaintiff's action was dismissed for lack of proper process and service, and no trial upon the merits was had in the justice's court. In sustaining a judgment of the superior court dismissing an appeal from the decision of the magistrate, this court, speaking through Mr. Justice Hall, said: "The fact of this dismissal appearing on the inspection of the papers at the hearing of the appeal, the judge ordered the appeal to be dismissed, holding that there was no case in court, after the judgment of dismissal was rendered, from which the appeal could be taken, and that there was no question of fact involved in the error which they sought to correct; in short, holding that certiorari, and not an appeal, was the proper method for reaching that question. We think that that judgment was right, under section 4067 of the code [Civil Code, § 4652], and the act of the legislature from which that section is taken (Cobb's Dig. 529), in which act the remedies applicable to errors of fact and of law are more distinctly pointed out than in the section of the code." It is therefore clear that in each of these cases the logical result of the conclusions, respectively, reached by the judicial officers trying the same, whether those conclusions were erroneous or not, was to leave nothing from which an appeal could be properly entered. In neither case was there an adjudication upon the merits. Commenting on these cases, Chief Justice Bleckley, in *Brown* v. *Robinson,* 91 *Ga.* 277, said: "In *Small* v. *Sparks,* 69 *Ga.* 745, and in *Rogers* v. *Bennett,* 78 *Ga.* 707,

the appeal was taken after the case had been dismissed in the pri-
mary court. The appeal was from the judgment of dismissal. Not
only did that judgment involve a mere question of law, but it put
the case out of court. This being so, an appeal to the superior
court was not a proper remedy by which to have it reinstated; the
exclusive remedy in the superior court for that purpose was by cer-
tiorari. There are many dicta to the effect that questions exclu-
sively of law make a case for certiorari, and questions of fact only,
or of fact and law combined, make a case for appeal; but the true
meaning of these dicta does not deny appeal where the judgment
appealed from does not turn the case out of court, although as mat-
ter of election the losing party might have brought certiorari had
such been his preference."

We think the four cases above referred to are all consistent with
each other, and that the decisions rendered in all of them are
sound. In the case cited from 91 *Ga.*, the Chief Justice was over-
cautious in intimating that an appeal would lie only "where the
judgment appealed from does not turn the case out of court." The
ruling in the case cited from the 95 *Ga.* was to the effect that the
test was, whether there was in the first instance a trial on the mer-
its. Surely this is the proper test, for the right of appeal from a
wrong decision on the facts at issue ought not to be defeated merely
because to the error committed in making such a decision was ad-
ded the further error of dismissing the case as a consequence.
Section 4453 of the Civil Code plainly gives the right of appeal
"in all civil cases *tried and determined* by a county judge, or a jus-
tice of the peace." The dismissal of a case, without trying it on
its merits, is, of course, a matter for certiorari alone. In the case
now for decision there was, as in that reported in 95 *Ga.*, to which
we have just referred, a trial on the merits, and a final judgment
based on evidence was rendered. This court, in passing upon that
case, looked to the substance rather than to the form of the magis-
trate's judgment. It is obvious that unnecessary delay would en-
sue if a judgment of dismissal, based on an erroneous holding that
the evidence in behalf of the plaintiff was insufficient to make out
his case, had to be set aside upon a writ of certiorari. The new
trial ordered would be had by and before the magistrate, not by a
jury, and then appeal to a jury would be in order. Undoubtedly
the scheme of the statute is to confer the right of appeal as soon as

the magistrate has once actually tried the case on its merits, no matter in what form the judgment entered by him may be.    The decisions of this court in the cases of *Maddox* v. *Witte*, 100 *Ga.* 316, and *Humphries* v. *Blalock*, Id. 404, are in accord with what is above laid down.    In each of these two cases the magistrate's judgment of dismissal was predicated upon the view he entertained of a purely legal question, and in neither was there a trial on the merits.   It was in both accordingly held that appeal from the magistrate's decision was not the appropriate remedy.    In *Toole* v. *Edmondson*, 104 *Ga.* 783, Mr. Justice Cobb laid down certain "rules to determine whether certiorari or appeal is the proper remedy." In formulating these rules, he used several expressions the substance of which was that there could be no appeal where the effect of the decision appealed from was to dismiss the case.    These expressions must, in the light of the ruling in *McMillan's* case and the principle which underlies it, be understood as conveying the idea that an appeal will not lie where the case is, without trial, disposed of by a judgment of dismissal based upon a view of law or practice entertained by the trial judge or justice, the logical result of which, whether the view itself be correct or incorrect, is to take the case out of court by the dismissal route.    Dismissal by the court before or without trial leaves no case to be dealt with by appeal, but dismissal after trial, whether as the result of evidence or for lack of evidence, will not cut off or impair the right of appeal.

There is no conflict between the decision in *Howell* v. *Allen*, 106 *Ga.* 16, and what is now ruled.    In that case an affidavit of illegality was interposed to the levy of an execution which had been issued upon the foreclosure of a chattel mortgage and was proceeding in the name of Mrs. M. K. Allen, as transferee.    This affidavit, which the magistrate designated as the defendant's plea, was by that officer "dismissed" upon the ground that the defendant introduced no evidence to support it.    The opinion delivered by Mr. Justice Fish does not disclose the grounds upon which the affidavit was based, but an examination of the record will show that, in substance, they amounted to this:    The mortgage was originally given to Thompson, Allen & King; it had never been transferred and assigned in writing to Mrs. Allen; she had no title to the same, and it was not annexed or attached to the affidavit of foreclosure.    Until arrested by the affidavit of illegality, the execution was a writ in

the nature of final process, and entitled to proceed as such.  After being arrested, it became mesne process, and the affidavit was the equivalent of an answer filed in defense to an ordinary suit.  As its averments directly attacked Mrs. Allen's cause of action and right to foreclose, the burden of taking the initiative when the issue came on to be tried fell upon her.  It does not appear that she introduced any testimony, and we have no information as to what occurred at the trial before the magistrate, save that set forth above and what may be gathered from a recital in the bill of exceptions that in the superior court Mrs. Allen moved to dismiss the appeal "because the amount foreclosed for in the justice court was for over fifty dollars, and the case was dismissed by the justice and an appeal taken and entered from his judgment to the superior court." What, then, is a proper analysis of the case ?   Simply that the magistrate struck the defendant's "plea," as he termed it, and as a legal consequence the whole case went out of court, with the result of restoring to the execution its original status as final process; for, as was pointed out by Mr. Justice Fish, the dismissal of a counter-affidavit filed in resistance to a summary execution of this kind puts "both parties and the whole controversy out of court."   Indeed, as will have been noticed, the bill of exceptions referred to the action of the magistrate as a judgment dismissing "the case."   Striking a plea or answer, whatever the result thereof may be, can not be regarded as a trial and determination of a case upon its merits.   It may, ipso facto, in a case of the particular class now under consideration, bring the same to an end; but a like result would be reached by properly dismissing a plaintiff's petition.   For the reasons above suggested, we think the *Howell* and *Allen* case was rightly decided, but that it has no real bearing on a case like the present, which the magistrate actually tried and determined, though, after so doing, he failed to frame a judgment embodying the proper and logical result of the conclusion embraced in what he, in point of fact, decided. A ruling somewhat on the line of that announced in the case cited from 106 *Ga.* was made in *Coker* v. *Carrollton Dry Goods Co.*, 108 *Ga.* 769, wherein it appeared that there had been no trial on the merits before the magistrate, the case having been dismissed by him for want of prosecution.   If in so doing the magistrate erred, the remedy of the plaintiff was, by means of a writ of certiorari, to have the error corrected by a judgment of the superior court directing

that the case be reinstated and tried on its merits before the magistrate. Until once so tried by him, the plaintiff did not, of course, have any right to demand a trial before a jury in the justice's court, the scheme and policy of the law being that a plaintiff must first prosecute his case to a trial on the merits by the magistrate, unless, as provided for in section 4141 of the Civil Code, both parties consent that such trial may be dispensed with and an appeal entered.

<em>Judgment affirmed. All the Justices concurring.</em>