BUNN et al. v. HENDERSON.

|113  609|
|o121   92|
|'113  609|
|f125  514|

1. The notice which section 4644 of the Civil Code requires a plaintiff in certiorari to give to the defendant therein must, in order to be legally complete and sufficient, affirmatively show that the petition for certiorari has been sanctioned by the judge.

2. It is too late to give the notice required by that section after the expiration of the term of the superior court to which the certiorari was returnable and at which it was triable.

Submitted May 8, — Decided May 24, 1901.

39

...Certiorari.    Before    Judge    Bennet.    Ware    superior .court. August 16, 1900.

*S. W. Hitch*, for plaintiffs.    *J. Walter Bennett*, for defendant.

LEWIS, J.    J. R. & T. Bunn presented to the judge of Ware superior court their petition for certiorari against J. J. Henderson. This petition was sanctioned on March 18, 1899, and filed on March 20, 1899.   On August 16, 1900, the case came on to be tried; and the defendant moved to dismiss the petition for certiorari, on the ground that no notice of its sanction had been served upon him as required by law.    The bill of exceptions states that the evidence of service was as follows: " Georgia, Ware county.   I have this day served the plaintiff, J. J. Henderson, with written notice that the within certiorari would be heard at the April term of Ware superior court, this 1st day of August, 1899.    T. J. McLellan, Sheriff, Ware county."   Presumably this was an entry made upon the petition for certiorari, though there is nothing in the bill of exceptions, which was unaccompanied by any record, to enlighten us on the subject.    The court granted an order dismissing the petition on the ground stated, and the plaintiffs excepted.

1. Section 4644 of the Civil Code declares: " The plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed."   This provision of law has been upheld by numerous decisions of this court.   See *Ayer* v. *Kirkland*, 65 *Ga.* 303; *Ware* v. *Fambro*, 67 *Ga.* 515; *Bryans* v. *Mabry*, 72 *Ga.* 208; *Franke* v. *May*, 86 *Ga.* 659; *Asher* v. *Cape*, 95 *Ga.* 31.   The cases of *Ware* v. *Fambro*, 67 *Ga.* 515, and *Asher* v. *Cape*, 95 *Ga.* 31, are, however, to be distinguished from the other cases cited, and from the case at bar.    In *Ware* v. *Fambro* it was held that a notice that the judge of the superior court had granted a certiorari was equivalent to a notice that he had sanctioned it, and was in substantial compliance with the code; while in *Asher* v. *Cape* this court decided that an acknowledgment in these words: "Due and legal service of the within petition for certiorari and certiorari acknowledged; notice of time and place of

hearing waived," indorsed on the petition and signed by the attorney for the defendant in certiorari, was sufficient notice that the defendant in certiorari had not only waived written notice of the time and place of hearing, but had also received due and legal notice of the judge's sanction. There is nothing in these two cases conflicting with what is laid down in the others cited. All recognize the principle that it is the right of a defendant in certiorari to have written notice of the sanction of the writ of certiorari in the manner and within the time prescribed by the code section which has been quoted. In this case the bill of exceptions, which is our only source of information, does not show that the defendant was ever notified of the sanction of the writ by the judge of the superior court. Even if the service by the sheriff is to be treated as the proper manner of giving the notice required by the statute, the sheriff's return does not show that the petition was ever sanctioned or acted on by the judge at all. The trial court did not err, therefore, in dismissing the certiorari for the reasons stated.

It appears that the petition for certiorari was filed March 20, and ought to have been made returnable to the April term of Ware superior court, which met on the third Monday in April following. Presumably this was done, as it will be taken for granted, in the absence of proof to the contrary, that the clerk did his duty. Section 4642 of the Civil Code makes a writ of certiorari returnable to the next superior court after its issuance, unless the court sits within twenty days thereafter. In the present case more than twenty days elapsed between the time the writ was applied for and the sitting of the court. The notice given by the sheriff was dated August 1, 1899, several months after the return term of the writ, and even if it had been in due form, it was served too late. Section 4646 requires the answer to the petition to be filed on the first day of the term to which it is returnable, unless further time be given; and section 4644, as has been seen, expressly requires that ten days notice be given the defendant in certiorari before the sitting of that term of the court to which the case is returnable. Thus it appears that in the present case the notice given was in any event too late; and the judge therefore did not err, in any view which may be taken of the case, in dismissing the certiorari.

*Judgment affirmed. All the Justices concurring.*