31.  MADDOX et al. v. CENTRAL OF GEORGIA RAILWAY
COMPANY.

1. A written notice of the sanction of the writ of certiorari, and of the
time and place of hearing, is amendable in the superior court when the
certiorari is called for hearing, by striking the date appearing in such
notice and inserting in lieu thereof the date when service of the notice
was actually made or waived; such amendment based on the affidavit of
the attorney for the plaintiff in certiorari, who made said service or
secured the waiver thereof.

2. Where the attorney for the defendant in certiorari signed a waiver of
the written notice of the sanction of the writ, and of the time and place
of hearing, in the following language: "Written notice of the sanction
of the writ of certiorari, as prayed in this petition, and of the time and
place of hearing, waived," the court did not err in refusing to dismiss
the certiorari because of a non-compliance with the requirements of sec-.
tion 4644 of the Civil Code.

3. A statement in the justice's court by the attorney for the defendant,
that if the attorney for the plaintiff insisted on a judgment on certain
grounds which the said attorney for the defendant urged against such
judgment as illegal, he had no objection to the judgment being entered
on said grounds did not amount to a consent, so as to estop the de-
fendant from attacking the validity of the judgment.

4. A judgment rendered in a justice's court on an unliquidated claim for
damages, without other proof than the affidavit of the plaintiff attached
thereto, is illegal.

Certiorari, from Fulton superior court—Judge Pendleton.
March 26, 1906.

Submitted January 11,—Decided January 22, 1907.

C. D. Maddox, for plaintiffs.  Lamar Rucker, for defendant.

HILL, C. J.  1. When a certiorari was called for trial in the
superior court, a motion was made by the defendant in certiorari
to dismiss the same because the acknowledgment of service of the
writ was prior to the sanction of the writ, and because the date of
the acknowledgment of service of the writ was Sunday.  In reply
to this motion, the attorney for the plaintiff in certiorari asked
the court to allow an amendment of said acknowledgment of serv-
ice, by substituting, for the date appearing in the said waiver of
service, the true date when he, as attorney for the plaintiff in cer-
tiorari, had served the attorney for the defendant in certiorari
with said writ and secured the waiver of service thereof.  This
motion to amend was supported by the affidavit of the attorney for
the plaintiff in certiorari.  The court allowed the amendment, and

this judgment is assigned as error. We hold that the court did not commit error in allowing the amendment. *Shearouse* v. *Morgan,* 111 *Ga.* 858.

2. In this case, the attorney for the defendant in certiorari made the following waiver of the written notice of the sanction of the writ of certiorari, and of the time and place of hearing: "Written notice of the sanction of the writ of certiorari, as prayed in this petition, and of the time and place of hearing, waived." Under the terms of this waiver, the court did right in refusing to dismiss the certiorari because of a non-compliance with the requirements of section 4644 of the Civil Code. *New* v. *LeHardy,* 46 *Ga.* 616; *Scott* v. *Patrick,* 44 *Ga.* 188; *Asher* v. *Cape,* 95 *Ga.* 31. "This acknowledgment was sufficient evidence that the defendant in certiorari had not only waived written notice of the time and place of hearing, but had also received due and legal notice of the judge's sanction." *Asher* v. *Cape,* supra.

3. The defendant in certiorari further moved the court to dismiss the certiorari, on the ground that the answer of the justice of the peace showed that the judgment complained of was rendered by the justice upon the express consent of the plaintiff in certiorari. The consent to the judgment is stated in the answer of the justice as follows: "Mr. Rucker insisted on his judgment. Mr. Rucker, attorney for defendant, said to me, 'If Mr. Maddox wants judgment on those grounds, I have no objection to you giving it.'" This language does not show such "consent" to the judgment as would estop the plaintiff in certiorari from attacking its validity. It was a warning to the justice that if he entered judgment on the ground urged by plaintiff's attorney, such judgment would be illegal. The judge of the superior court did not err in refusing to dismiss the certiorari on this ground.

4. Judgment rendered in a justice's court on an unliquidated claim for damages, without other proof than the affidavit of the plaintiff attached thereto, is invalid; and the judge of the superior court committed no error in sustaining the certiorari and remanding the case to the justice's court for a new hearing.

*Judgment affirmed.*