### 1488.   KING BROTHERS COMPANY *v.* TURNER.

1. One who has waived the written notice of the sanction of a certiorari and of the time and place of hearing, required by § 4644 of the Civil Code, will not be heard to move the dismissal of the certiorari upon the ground that no notice has been given, even though such waiver may have been made before the certiorari was sanctioned.

2. Where the right to complain of errors of fact is waived, though there may be some questions of fact involved, if a decision upon questions of law is also involved, and is essential to a proper determination upon the

facts, either by the addition of legal testimony improperly excluded, or by the subtraction of illegal testimony improperly admitted, certiorari is available; and the certiorari should be sustained, unless it can be safely said that, under the peculiar facts of the particular case, the same result should have been reached, regardless of the errors of law.

3. Unless the judgment rendered in the lower court and set aside upon the hearing of a certiorari is absolutely demanded by the evidence, the first grant of a new trial on certiorari will not be disturbed.

Certiorari, from Fulton superior court—Judge Ellis. September 17, 1908.

Submitted December 11, 1908.—Decided July 31, 1909.

*S. D. Johnson,* for plaintiff.   *Herbert J. Haas,* for defendant.

RUSSELL, J.   King Brothers & Company sued out an attachment against Turner, upon the ground that the defendant "absconds." At the trial term in the justice's court Turner filed a plea to the jurisdiction, as it is termed in the paper itself, upon the grounds, (1) "that on the date of the levying of this attachment the defendant was, and still is, a resident of the State of Georgia, of the county of Fulton, and was actually within the limits of Fulton county, Georgia; (2) that defendant has a residence in the city of Atlanta, Georgia, where he can be served with process; (3) that defendant is now temporarily residing in the city of Montgomery, Alabama, but that his legal residence is in Atlanta, Fulton county, Georgia." This plea was sworn to by the defendant himself before a notary public in the State of Alabama. Upon the trial in the justice's court his so-called plea to the jurisdiction was stricken, and judgment was rendered in favor of the plaintiff in the attachment. Turner carried the case by writ of certiorari to the superior court, and there the certiorari was sustained and a new trial ordered, with direction that certain hearsay evidence, which had been admitted in the first trial, should be excluded on the second investigation.   A motion was made in the superior court to dismiss the certiorari, upon the ground that there had been no legal notice of the sanction and of the time and place of the hearing, and upon the further ground and for the additional reason that only questions of fact were involved, and that therefore certiorari was not petitioner's proper remedy.

1.   We think the court ruled properly in refusing to dismiss the certiorari upon the ground that the proper notice had not been given.   It appears, it is true, that the certiorari was not sanctioned or filed until May 15, 1908, and that the waiver of the written

notice was made by counsel for King Brothers on May 14, 1908. This waiver of notice was in the exact language of the waiver considered by this court in *Maddox* v. *Central Ry. Co.*, 1 *Ga. App.* 46 (57 S. E. 1062),—"written notice of the sanction of the writ of certiorari, as prayed in this petition, and of the time and place of hearing, waived,"—and was admittedly signed by the attorney of the defendant in certiorari. Unquestionably it was a waiver of the notice of the sanction, and a waiver of the notice of the time and place of hearing, required by §4644 of the Civil Code; and the only question that can arise is, whether this waiver is of no effect, because made before the certiorari had been actually sanctioned or filed. We see no reason why a party may not waive written notice of the sanction of a certiorari and of the time and place of hearing, if he is willing to do so, as well before the certiorari has been sanctioned as afterwards. In either case he takes upon himself the burden of ascertaining when the certiorari will be heard. But whatever difference there may be between the waiver before sanction and a waiver after sanction of the certiorari, one who had voluntarily solemnly waived a right upon which he could have insisted will not be heard to withdraw that waiver or to impair its validity by the introduction of new terms of limitation not contained in its original form. The language of the waiver which we have quoted above is broad enough to include permission to the petitioner in certiorari to have it sanctioned after the signing of the waiver, and it is possible that the petitioner for certiorari may have so understood it. If this is not so, the defendant in certiorari must be held to have waived the fact that the certiorari had not then been sanctioned; because it was within his power to have ascertained before signing the waiver whether the writ of certiorari had already been actually sanctioned.

2. Nor did the court err in refusing to dismiss the certiorari upon the second ground, to wit, that the certiorari presented only issues of fact. It is clear that the assignment that the justice of the peace erred in the admission of the testimony of one Johnson, who testified as to statements made by Mr. Turner's wife, presented a pure question of law. Though there may be some questions of fact involved, if a decision upon questions of law is also involved, and is essential to a proper determination upon the facts, either by the addition of legal testimony improperly ex-

cluded or by the subtraction of illegal testimony improperly admitted, certiorari is available; and the certiorari should be sustained, unless it can be safely said that, under the peculiar facts of the particular case, the same result should have been reached, regardless of the errors of law. The judge of the superior court, in entering his judgment, properly held that the statements alleged to have been made by Mrs. Turner, as to her husband's whereabouts, were mere hearsay, and should have been excluded.

3. Having disposed of the motion to dismiss the certiorari, we come to consider whether the judge of the superior court erred in sustaining the certiorari and awarding a new trial. We must first determine whether the justice of the peace was wrong in dismissing the plea to the jurisdiction. In this plea the defendant set up, that he was a resident of the city of Atlanta, and that while he had been temporarily residing in Montgomery, Alabama, his legal residence was still in the city of Atlanta. This can hardly be said to be a perfect plea to the jurisdiction, for the reason that the defendant fails to set forth that the justice's court of the 1026th district, G. M., in which the case was pending, has no jurisdiction, and likewise fails to state what court has jurisdiction. Traverse of the ground of attachment was the defendant's proper remedy, and, in the laxity of pleadings employed in justice's courts, this paper may be considered as a good traverse, although it denominates itself a plea to the jurisdiction. If the defendant, at the time the attachment issued upon the ground that he "absconds," was a resident of Atlanta, he could hardly be said to be absconding. If it be conceded that the so-called plea to the jurisdiction is a sufficient traverse of the ground of attachment, then the burden was upon the plaintiff in the justice's court to sustain the ground of attachment by a preponderance of the evidence. The evidence was conflicting and would have authorized a finding for either the plaintiff or the defendant; and for that reason we can not say that the judge of the superior court erred in awarding a new trial after directing that the hearsay evidence of Johnson, to which we have hitherto referred, should be excluded on the next trial. Where the verdict rendered in a justice's court is not demanded by the evidence, the judge of the superior court, upon review by certiorari, has a discretion similar to that allowed in the case of a first grant of a new trial in his own court. Under a

long line of decisions of the Supreme Court, as well as of this court, the discretion of the judge in such cases of conflicting testimony, and upon the first grant of a new trial, will not be interfered with. *Strickland* v. *Reese,* 110 *Ga.* 263 (34 S. E. 275); *Shirley* v. *Swafford,* 119 *Ga.* 43 (43 S. E. 722); *Fair* v. *Metropolitan Life Ins. Co.,* 2 *Ga. App.* 376 (58 S. E. 492).

*Judgment affirmed.*