## 1860. CORONA COAL & IRON CO. *v.* COPELAND & SON.

1. "Where the right to complain of errors of fact is waived, though there may be some questions of fact involved, if a decision upon questions of law is also involved, and is essential to a proper determination upon the facts, either by the addition of legal testimony improperly excluded, or by the subtraction of illegal testimony improperly admitted, certiorari is available; and the certiorari should be sustained, unless it can be safely said that, under the peculiar facts of the particular case, the same result should have been reached, regardless of the errors of law."
2. The justice of the peace improperly excluded the answers to the interrogatories, and the judge of the superior court should have sustained the certiorari.

Certiorari; from Haralson superior court—Judge Edwards. March 16, 1909.

Submitted June 10, 1909.—Decided February 25, 1910.

*Robinson & Edwards,* for plaintiff.

*Griffith, Weatherly & Matthews,* for defendants.

RUSSELL, J. The Corona Coal and Iron Company sued J. T. Copeland & Son on account, in a justice's court, for $63.75. The suit was for coal sold to the defendants at $1.50 per ton. The plaintiff proved that the account was presented to the defendants a short while before suit was entered, and that payment was refused on the ground that the coal was not worth over $1 per ton. The admission that the coal was worth that sum was made by one of the defendants. The date of the account was July 23, 1907. The plaintiff introduced the original letter written to the defendants on August 8, 1907, as follows: "We are in receipt of yours of the 5th instant in regard to recent consignment to you. The car shipped to you was machine forked run of mine, and has given such general satisfaction that we are very much surprised to learn from

31

you that it is not satisfactory. It is from the same opening as previous shipments were made from, and we know that in its preparation it is far superior. We are not willing to make any concession, and if you are determined that you can not use it, advise us and we will make disposition of it." The plaintiff also introduced a letter written to the defendants some time afterwards, as follows: "We advised you that if you could not use the consignment, to kindly let us know, and we would make disposition of it. Having heard nothing further from you, we naturally supposed you had decided to accept the consignment. The car shipped you was our machine-mined forked run of mine coal, and if it was of such inferior quality as you claim, the proper course for you to have pursued was to reject it, and we would immediately have made disposition of it." The plaintiff then called one of the defendants, who testified that the car of coal was ordered from the plaintiff, and shipped to and received by the defendants. The answer of the magistrate contains this statement as to the testimony of this witness: "He first testified that this particular coal was not worth more than 50 cents per ton, and afterwards said it was not worth any thing, and that he told J. S. Edwards, when he talked to him about the matter before this suit was brought, that it was not worth anything. He began using the coal as soon as he, or his firm, received it. Had to mix other coal with it in order to get up steam."

The plaintiff offered testimony of Tom Davidson, the weigher of the plaintiff company, who, in his answers to interrogatories, testified to the effect that he weighed and shipped the car of coal to the defendants on July 23, 1907; that he had weighed and shipped another car to the same defendants some time previous to that; that both cars were of about the same quality, and that if there was any difference, the car shipped on July 23 was the better quality. The answers were ruled out, on the ground that they were irrelevant and immaterial. The justice of the peace entered a judgment dismissing the plaintiff's suit, and the plaintiff challenged this judgment by certiorari. Upon considering the certiorari the judge of the superior court dismissed it; and exception is taken to the judgment of dismissal.

1. In reply to the suggestion that the dismissal of the certiorari, if proper upon any ground, should be sustained, and that the judge

could properly have dismissed the certiorari, because appeal and not certiorari was the remedy of the plaintiff in the justice's court, it is only necessary to cite the ruling of this court in *King Bros. Co.* v. *Turner,* 6 *Ga. App.* 495 (65 S. E. 321): "Where the right to complain of errors of fact is waived, though there may be some questions of fact involved, if a decision upon questions of law is also involved, and is essential to a proper determination upon the facts, either by the addition of legal testimony improperly excluded, or by the subtraction of illegal testimony improperly admitted, certiorari is available; and the certiorari should be sustained, unless it can be safely said that, under the peculiar facts of the particular case, the same result should have been reached, regardless of the errors of law." Under the decision in *Hollis* v. *Doster,* 113 *Ga.* 115 (38 S. E. 308), the plaintiff in error *might have had the right* to appeal to a jury,—treating the dismissal as tantamount to a judgment in favor of the defendant,—but there is nothing in the ruling in that case which *required* him to appeal or denied the right to have the error of law which was committed reviewed upon certiorari. The admissibility of the testimony excluded by the justice of the peace was a matter of law, and it is clear that the ruling in *Hollis* v. *Doster,* supra, did not prevent the plaintiff from exercising his right of testing by certiorari the correctness of the judgment of the justice of the peace upon a question of law. The decision of the justice upon the admissibility of the evidence must be controlled by the law, and by the law only, and the determination of the correctness of his ruling depended entirely upon the law. By pursuing his right of certiorari, the plaintiff at most only waived his right to contend that the judgment was contrary to the evidence, or without sufficient evidence to support it. *Toole* v. *Edmondson,* 104 *Ga.* 783 (5), (31 S. E. 25). Therefore the judgment dismissing the certiorari could not have been based upon this ground.

2. We are of the opinion that the answers to all of the interrogatories were admissible. In so far as they sought to prove shipment and delivery of the coal, they were plainly relevant and admissible. Evidence that some time previous to the transaction involved the plaintiff had sold to the defendants, and that the defendants had accepted and paid for a car of similar grade and quality, would be relevant, in that it would tend to disprove the contention

of the defendants that the coal was worthless.   The letters and the admission of the defendant might strongly tend to disprove his testimony that the coal was absolutely worthless; and the fact that some time previously he had accepted and paid for a car of coal from the same plaintiff, of the same grade and quality, was a circumstance, the probative value of which was for the jury, but its relevancy to the issues involved can not be questioned.

*Judgment reversed.*