## 20403. FLOOD *v.* EMPIRE INVESTMENT COMPANY.

DECIDED OCTOBER 17, 1930.

*Edward F. Goodrum,* for plaintiff in error.
*Luther U. Bloodworth, B. J. Fowler,* contra.

STEPHENS, J. The petition for certiorari was sanctioned September 25, 1926. The order of sanction reads in part as follows: "The *foregoing* petition for writ of certiorari being presented to me on the 11th day of September, 1926, the same is, upon consideration, sanctioned" (Italics ours). Afterwards, on October 4, 1926, the following acknowledgment was signed by counsel for the defendant in certiorari: "Georgia, Bibb County. Service of the within and foregoing *petition for certiorari* acknowledged, copy received, all other, further and better notice, *time and place of hearing,* is by me waived. This the 4th day of October, 1926. Luther U. Bloodworth, attorney for defendant in certiorari, Empire Investment Co." (Italics ours.) The writ of certiorari issued October 5, 1926. On the hearing the court dismissed the certiorari on the ground that notice of the sanction of the writ, and of the time and place of hearing, had not been given, as required by section 5190 of the Civil Code of 1910. The plaintiff in certiorari excepted.

It is inferable from the wording of the order of the judge of the superior court sanctioning the petition, and from the wording of the acknowledgment and waiver signed by counsel for the defendant in certiorari, that the order of sanction and the acknowledgment

and waiver were made upon the petition for certiorari. This will be taken as true. In *Asher* v. *Cape*, 95 *Ga.* 31 (22 S. E. 41), it was held that the following entry, made upon the petition for certiorari, after the petition had been sanctioned by an order entered thereon and after the writ of certiorari, which was attached to the petition, had issued, was a sufficient acknowledgment and waiver of notice of the sanction of the writ of certiorari, and of the time and place of hearing as required by law: "Due and legal service of the within petition for certiorari and certiorari acknowledged; notice of time and place of hearing waived." Under the authority of that case the acknowledgment of service made upon the petition for certiorari, after it had been sanctioned by an order of the judge appearing upon the petition, was an acknowledgment of notice of the judge's sanction of the petition, i e. the "sanction of the writ of certiorari," as required by section 5190 of the Civil Code of 1910. The entry signed by counsel for the defendant in certiorari, which "waived" "all other further and better notice, time and place of hearing," was a waiver by counsel for the defendant in certiorari of the "time and place of hearing" of the petition for certiorari, as also required by that code section.

The entry, therefore, was an acknowledgment by counsel for the defendant in certiorari of "the sanction of the writ of certiorari," and also a waiver of the "time and place of hearing" of the petition for certiorari. This acknowledgment and waiver was made, as required by section 5190, more than ten days before the sitting of the court to which the certiorari was returnable. It was therefore error for the judge of the superior court to dismiss the certiorari for a lack of the required notice.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*