31801.   ATTEBERY *v.* CITY OF MANCHESTER.

Decided December 5, 1947.

*Judson Andrews, T. Blake Jackson,* for plaintiff in error.

*G. C. Thompson,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The principle of law set out in headnote 1 is well settled in this State,

and this headnote need no elaboration. For authorities in support thereof, see cases cited in the headnote and the many cases cited under Code (Ann.) § 19-212.

■ A solicitor-general in his capacity as a member of the bar and private practioner may be employed to represent municipalities in certiorari cases brought to the superior court by persons who have been tried and convicted for the violation of municipal ordinances; and when he is such attorney of record for such municipality, service upon him of the notice of the sanction and the time and place of hearing would meet the requirements of the Code. However, in his official capacity as solicitor-general there is no provision of law either to authorize or to require him to represent a municipality in such a case. Therefore, he not being an agent or an attorney of such municipality, service of such notice upon him, or waiver of such notice by him, is ineffectual.

■ The motion to dismiss the certiorari was based upon the ground that the defendant in certiorari was not served with notice of sanction of such certiorari. It is insisted by the plaintiff in error in his brief that the service of the writ of certiorari, process, and petition for certiorari, as amended, on I. H. Davis, shown by the record to be the city recorder who tried the case against the plaintiff in certiorari in the Recorder's Court of the City of Manchester, the record of which service is disclosed by the affidavit of Sam Gregory, is sufficient. Assuming, but not deciding, that Davis is an officer of the City of Manchester authorized to accept service, does the service of the writ of certiorari, process, and petition for certiorari as amended meet the requirements of the Code? In a certiorari case the process is the writ itself. The amendment to the petition did not strengthen it for the purpose of service; the amendment when allowed only becomes a part of the petition for certiorari. Therefore what was actually served on Mr. Davis by Mr. Gregory was the writ of certiorari and the petition. The sanction of the certiorari is the authority which the clerk has for issuing the writ. There is nothing in the record to indicate that the sanction was served on Mr. Davis. This instrument properly should remain in the clerk's office as evidence of his authority for issuing the writ. There is nothing in the writ itself or the petition for the writ that

the same had been sanctioned except the recital in the writ itself that the plaintiff in error "has complied with the requirements of the law in cases of application for certiorari." In *Darby* v. *Ball Ground*, 53 *Ga. App.* 700 (supra), the court held as follows: "The following writing is not a compliance with the mandatory requirements of the foregoing section [Code, § 19-212], and the judge did not err in dismissing the certiorari because it appeared that 'no notice of the time and place of hearing has been given by petitioner as required by law:' 'This is to certify that I have this day personally left at the office of Mr. H. Roy Cobb, Mayor of and for the City of Ball Ground, Ga., petition and writ of certiorari in the above and foregoing case. I do hereby certify that I have this day served personally the Solicitor-General of the Blue Ridge Judicial Circuit with a copy in said case. This the 7th day of Feb., 1935. M. G. Hicks, Atty. for Petitioner.'" The giving of the notice of sanction is mandatory, and required with equal dignity as the giving of the notice of time and place of hearing. See *Bunn* v. *Henderson*, 113 *Ga.* 609 (1) (39 S. E. 78).

Regardless of what our decision on this subject might have been had we been accorded the privilege of first deciding it, the foregoing decisions require us to determine here that the service disclosed in the affidavit of Sam Gregory does not meet the requirements of Code § 19-212.

*Martin* v. *Tifton*, 6 *Ga. App.* 16 (63 S. E. 1132), relied upon by the defendant is distinguished from the instant case and *Darby* v. *Ball Ground*, supra, because in the first-stated case notice of sanction of the writ and of the time and place of hearing was given the mayor, he being a proper official of Tifton to accept service, and the fact that as mayor the subject of review was his judgment did not affect the rule. In *Darby* v. *Ball Ground*, and in the instant case, assuming but not deciding that the proper officers were served, and the subject of review being their judgments, yet the matter served did not contain the substance required by the Code.

■ The motion to strike the brief of the defendant in error is denied. Noncompliance with Rule 21 of this court (Code, § 24-3621), with reference to failure to serve a brief on opposing counsel, has often been held by this court not to constitute cause

for dismissing the writ of error, but is matter for contempt. See many cases cited under § 24-3621 of the Code (Ann.), catchword "Noncompliance." Since it is not a ground for dismissal of the writ of error, but is only a matter for contempt, it certainly should not be held to constitute a ground for striking the brief. The purpose of filing a brief is to aid the court in arriving at a proper conclusion of the law of the case.

A perusal of the allegations contained in the petition for the writ of certiorari discloses charges indicative of a need for judicial investigation as to their truthfulness on the merits of the case. However, the suspension of the rules of law governing the practice in certiorari cases is not justified as the means of accomplishing this end in a particular case, especially where other means of judicial investigation are open.

The judgment of the superior court dismissing the certiorari is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*